## Belber v. H. S. F., Inc.

*Charles Blasband,* for plaintiff.

*Conrad G. Moffett,* for defendants.

HONEYMAN, J., July 14, 1961.—Plaintiff filed an action in equity requesting the appointment of a receiver to take charge of certain property allegedly transferred in violation of the Uniform Commercial Code—Bulk Transfers, Act of April 6, 1953, P. L. 3, sec. 6-101, 12A PS §6-101. Defendants, the transferor and the transferee of the property in question, filed preliminary objections contending that plaintiff has an adequate remedy at law and may not invoke the aid of a court of equity.

Defendants admit that under the prior Bulk Sales Act, Act of May 23, 1919, P. L. 262, sec. 1, et seq., 69 PS §521 et seq., plaintiff could properly bring an action in equity to enforce his remedies. This prior act provided that transfers in violation of its provisions ". . . shall be fraudulent and void, and such purchaser . . . shall, at the suit of any creditor, be held liable to the creditors of the said vendor as a receiver for fair value of all the property so bought or sold by him: . . ." Act of May 23, 1919, P. L. 262, sec. 3, 69 PS §523. The new act provides in section 6-105, that a transfer without compliance with the terms of the act ". . . is ineffective against any creditor of the transferor . . . ." This change, rendering a noncomplying transfer ineffective against any creditor rather than fraudulent and void, is relied on by defendants as the basis for their argument that the equitable remedy of the appointment of a receiver is no longer available.

A reading of all of the provisions of the recent act discloses that the duties and obligations of the parties are much the same as those under the repealed act. Section 6-106 provides that, if a transfer is subject to the terms of the act, the duty of the transferee runs to all listed or filing creditors of the transferor to see to it that any consideration payable is applied to their debts. Section 6-104 provides that, if the transferee

does not obtain from the transferor a list of his creditors, prepare a schedule of property, and maintain such list and schedule as provided in the act, such transfer is ineffective against any creditor of the transferor. The Uniform Commercial Code comment to this latter section states that ". . . Any such creditor or creditors may therefore disregard the transfer and levy on the goods as still belonging to the transferor, *or a receiver representing them can take them by whatever procedure the local law provides.*" (Italics supplied.) Equitable remedies were available to settle disputes arising under the repealed Bulk Sales Act: Main Line Acceptance Company v. Koff, 58 Montg. 30 (1941). The new act does little more than rephrase and clarify the old bulk sales law, and there is nothing therein to indicate that equitable remedies are no longer available.

## Order

And now, July 14, 1961, for the above stated reasons, defendants preliminary objections are dismissed, and they are directed to file a responsive answer to the complaint within 20 days of this date.